# EXHIBIT B

| | |
|---|---|
| **DISTRICT COURT, LARIMER COUNTY, COLORADO**<br>201 Laporte Avenue<br>Fort Collins, CO 80521<br>Telephone: (970) 494-3500 | DATE FILED: February 4, 2021 3:03 PM<br>FILING ID: A0AEF65899750<br>CASE NUMBER: 2021CV30091 |
| **WENDI MCMILLAN,**<br>Plaintiff<br><br>v.<br><br>**SPROUTS FARMERS MARKET HOLDINGS, LLC,**<br>Defendant | ↑   Court Use Only   ↑ |
| **Troy A. Ukasick, #22853**<br>**Bryan S. VanMeveren, #31538**<br>VanMeveren Law Group, P.C.<br>2038 Caribou Drive, Suite 101<br>Fort Collins, CO 80525<br>Telephone (970) 495-9741<br>Fax (970) 495-6854<br>troy@vanmeverenlaw.com<br>bsv@vanmeverenlaw.com | Case No.<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** ||

COMES NOW, the Plaintiff, Wendi McMillan, by and through undersigned counsel, VanMeveren Law Group, P.C., Troy A. Ukasick and Bryan S. VanMeveren appearing, for her Complaint and Jury Demand against the above-named defendant, Sprouts Farmers Market Holdings, LLC, states and alleges as follows:

## I.   PARTIES

1. At all times relevant and hereinafter mentioned, Plaintiff, Wendi McMillan (**MCMILLAN**), was and is a resident of Larimer County, Colorado with a permanent address of 7700 Park Ridge Circle, Fort Collins, CO 80528.

2. On information and belief, at all times pertinent hereto, Defendant Sprouts Farmers Market Holdings, LLC (**SPROUTS**), is a foreign corporation licensed and authorized to do business in Colorado with a local store address of 4345 Corbett Drive, Fort Collins, CO 80525, a principal office address of 5455 E. High Street, Suite 111, Phoenix, AZ 85054, and a registered agent for service of process at Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120.

## II.   JURISDICTION AND VENUE

3. Jurisdiction is appropriate in this Court pursuant to C.R.S. § 13-1-124.

1

4. This suit stems from an incident occurring at Defendant **SPROUTS** store located at 4345 Corbett Drive, Fort Collins, CO 80525, Larimer County. This Court has jurisdiction over the parties and subject matter, and venue is proper in Larimer County pursuant to Rule 98(c)(5) of the Colorado Rules of Civil Procedure.

### III.    GENERAL ALLEGATIONS

5. On February 26, 2019, **MCMILLAN** was grocery shopping at the **SPROUTS** grocery store located at 4345 Corbett Drive, Fort Collins, CO 80525.

6. At all times pertinent hereto, **SPROUTS** owned, legally occupied and/or controlled the premises located at 4345 Corbett Drive, Fort Collins, CO 80525

7. On February 26, 2019, **MCMILLAN** was an invitee of **SPROUTS** under Colorado law.

8. As **MCMILLAN** was shopping near the dairy section of the subject **SPROUTS** store, she stepped on a drainage grate which was situated and built into the floor of the store. When **MCMILLAN** stepped on the drainage grate, the grate broke, causing **MCMILLAN**'s foot to go through the grate and floor resulting in her body quickly falling forward. When her foot broke through the grate and she fell forward, **MCMILLAN** reached out and tried to brace herself with her right arm.

9. The incident described in paragraph 8 above caused **MCMILLAN** to injure her foot/ankle and sustain serious and permanent debilitating injuries to her elbow.

10. **MCMILLAN** sought out the manager of the store to report the faulty grate and report the incident and her injuries.

### IV.    FIRST CLAIM FOR RELIEF
### (Premises Liability as against SPROUTS)

11. **MCMILLAN** incorporates by reference paragraphs 1 through 10 of her Complaint and Jury Demand as if fully set forth herein.

12. At all times pertinent hereto, the provisions of C.R.S. §13-21-115 (the Colorado Premises Liability Act) were in effect.

13. On or about February 26, 2019, **MCMILLAN** entered **SPROUTS** during normal business hours.

14. At all times pertinent hereto, **SPROUTS** owned, legally occupied and/or controlled the premises at 4345 Corbett Drive, Fort Collins, CO 80525.

15. **MCMILLAN** was an "invitee" as that term is contemplated by C.R.S. §13-21-115.

16. **SPROUTS** was a "landowner" as that term is contemplated by C.R.S. §13-21-115.

17. At all times pertinent hereto, **SPROUTS** and its agents and employees were legally responsible for the condition of and circumstances existing at the subject grocery store located at 4345 Corbett Drive, Fort Collins, CO 80525.

18. At all times pertinent hereto, **SPROUTS** generally had a duty to use reasonable care with respect to any danger on the property about which it knew or should have known, should have acted as a reasonable property owner given the probability or foreseeability of injury to others without exposing an unreasonable risk of harm or injury to invitees, customers, patrons, and others, and is responsible for any injury occurring on the property.

19. At all times pertinent hereto, **SPROUTS** and its agents and employees were responsible for inspecting and maintaining the subject property, including reasonable periodic property inspections, performance of preventative maintenance, recognizing and implementing reasonable remedies and safeguards, and providing a reasonably safe property without exposing an unreasonable risk of harm or injury to invitees, customers, patrons and others.

20. At all times pertinent hereto, **SPROUTS** and its agents and employees failed to take appropriate action to maintain the floors and pathways of its grocery store in a reasonably safe condition and failed to identify and rectify the unsafe and dangerous condition and hazard on the property which existed on February 26, 2019.

21. At all times pertinent hereto, the drainage grate on the subject **SPROUTS** grocery store floor that broke when **MCMILLAN** stepped on it was an unsafe and dangerous condition and hazard.

22. At all times pertinent hereto, **SPROUTS** and its agents and employees knew or should have known of the unsafe and dangerous condition and hazard existing on the floor at or near the dairy section in its store.

23. At all times pertinent hereto, **SPROUTS** and its agents and employees had a duty to use reasonable care concerning any dangers, including hazards, in any area they exercise control over, including the floors of its grocery aisles.

24. At all times pertinent hereto, **SPROUTS** and its agents and employees unreasonably failed to use reasonable care with respect to the danger presented by the lack of inspection and elimination of the hazard present on the floor, thereby exposing **MCMILLAN** to an unreasonable risk of physical injury or harm.

25. At all times pertinent hereto, **SPROUTS** and its agents and employees failed to warn its customers, patrons and others of the unreasonable risk of harm or injury the drainage grate on the floor presented.

26. **SPROUTS** and its agents and employees' failure to inspect and recognize the unsafe and dangerous condition and hazard presented by the drainage grate in the floor was an

3

unreasonable failure to exercise reasonable care to protect against a danger of which they knew or should have known as contemplated by C.R.S. §13-21-115.

27. **MCMILLAN'S** damages suffered as a direct and proximate result of **SPROUTS** and its employees' failure to exercise reasonable care to properly inspect and maintain the floor of its shopping aisles as contemplated by C.R.S. §13-21-115, include but are not limited to:
    a. Severe physical injuries;
    b. Past and future medical expenses;
    c. Past and future pain and suffering, mental anguish and emotional distress;
    d. Past and future loss of the normal pursuits and pleasures in life;
    e. Permanent physical impairment, disability, injury and disfigurement; and
    f. Other compensatory damages.

## V.   SECOND CLAIM FOR RELIEF
### (Negligence as against SPROUTS)

28. **MCMILLAN** incorporates by reference paragraphs 1 through 27 of her Complaint and Jury Demand as if fully set forth herein.

29. **SPROUTS** and its employees owed a duty to **MCMILLAN** to exercise reasonable care to protect invitees, including customers, patrons and others from any unreasonable risk of harm, injury or danger of which they knew or reasonably should have known.

30. At all times pertinent hereto, **SPROUTS** and its agents and employees breached this duty of care.

31. At all times pertinent hereto, **SPROUTS** and its agents and employees negligently failed to properly inspect, maintain and clear the subject area and present the property in a reasonably safe condition that would not expose customers, patrons and others to an unreasonable risk of harm or injury.

32. The dangerous condition of the drainage grate hazard on the store floor proximately caused **MCMILLAN** to sustain severe and debilitating injuries and incur significant damages.

33. **MCMILLAN** suffered damages as a direct and proximate result of the negligence of **SPROUTS** and its agents and employees, which include but are not limited to:

    a. Severe physical injuries;
    b. Past and future medical expenses;
    c. Past and future pain and suffering, mental anguish and emotional distress;
    d. Past and future loss of the normal pursuits and pleasures in life;
    e. Permanent physical impairment, disability, injury and disfigurement; and
    f. Other compensatory damages.

## VI.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendant for the special and general damages she sustained, including, but not limited to, past and future health care expenses, permanent impairment, past and future pain and suffering, disfigurement, emotional distress, loss of enjoyment of life, pre- and post-judgment interest, expert witness fees, costs, consequential damages, and for such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by a jury of six persons of all issues so triable and submits the required jury fees with the Complaint and Jury Demand.

Dated this 4th day of February, 2021.

> **VANMEVEREN LAW GROUP, P.C.**
> /s/ *Troy A. Ukasick*
> Troy A. Ukasick, #22853
> Bryan S. VanMeveren, #31538
> 2038 Caribou Drive, Ste. 101
> Fort Collins, CO 80525
> Telephone: (970) 495-9741
> Facsimile: (970) 495-6854

**Plaintiff's Address:**
7700 Park Ridge Circle
Fort Collins, CO 80528

## CERTIFICATE OF E-FILING

I hereby certify that on the 4th day of February 2021, the foregoing Complaint and Jury Demand was filed with the Court via ICCES and courtesy copies were sent to the following according to the Colorado Rules of Civil Procedure.

**Corporation Service Company**
SPROUTS' Registered Agent
1900 W. Littleton Boulevard
Littleton, CO 80120

> /s/ *Amy Selcke*
> Amy Selcke
> Legal Assistant
> VanMeveren Law Group, P.C.